## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY J. ELLIS, individually and as the representative of a class of similarly-situated persons, | ) ) ) | |
| Plaintiff, | ) ) | No. 08 CV 2945 |
| v. | ) ) | Judge William T. Hart |
| TOYS "R" US-DELAWARE, INC. and DOES 1-10, | ) ) ) | Magistrate Judge Maria G. Valdez |
| Defendants. | ) ) | |

## ANSWER TO CLASS ACTION COMPLAINT

Defendant TOYS "R" US-DELAWARE, INC. ("TOYS"), by and through its attorneys, Wildman, Harrold, Allen & Dixon LLP, hereby responds to the Plaintiff's Complaint as follows:

1.     Plaintiff, GREGORY J. ELLIS, ("Plaintiff") brings this action to secure redress for himself and others similarly situated for violations by TOYS "R" US-DELAWARE, INC. ("Defendant") and DOES 1-10, of the Fair and Accurate Transactions Act of 2003 ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

**ANSWER:**     TOYS admits that plaintiff purports to bring this action against TOYS on behalf of himself and a purported class. TOYS admits that the plaintiff's Complaint purports to be an action pursuant to the Fair Credit Reporting Act ("FCRA"). The FCRA speaks for itself as to its content and terms, and TOYS denies any characterization thereof or allegations inconsistent therewith. TOYS denies the remaining allegations of Paragraph 1.

2.     Specifically, Plaintiff alleges that, on credit or debit card receipts provided at the point of sale or transaction, Defendant printed more than the last five digits of the card number.

**ANSWER:**     TOYS admits that plaintiff alleges that on credit or debit card receipts provided at the point of sale or transaction, TOYS printed more than the last five digits of the card number. TOYS denies the remaining allegations of Paragraph 2.

3.     One provision of FACTA, codified as 15 U.S.C. §1681c(g), provides that:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

**ANSWER:**    FACTA speaks for itself as to its content and terms, and TOYS denies any characterization thereof or allegations inconsistent therewith.    TOYS denies the remaining allegations of Paragraph 3.

4.    This "truncation requirement" is designed to prevent identity theft.

**ANSWER:**    FACTA speaks for itself as to its content and terms, and TOYS denies any characterization thereof or allegations inconsistent therewith.    TOYS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 and, therefore, TOYS denies the remaining allegations of Paragraph 4.

5.    The Federal Trade Commission has estimated that, each year, criminals fraudulently assume the identities of more than 9 million persons for financial gain, causing losses in excess of $50 billion.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and, therefore, TOYS denies the allegations of Paragraph 5.

6.    Identity thieves obtain credit card receipts that are stolen, lost, or discarded and then use the information on them to engage in transactions.  These identity thieves are commonly referred to as "carders" or "dumpster divers."  This "low tech" method is more prevalent than the use of sophisticated electronic wizardry to obtain the information.  *See e.g.,* Robin Sidel, "Identity Theft – Unplugged – Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," Wall Street Journal, Oct. 5, 2006, p. B1.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and, therefore, TOYS denies the allegations of Paragraph 6.

7.    Sophisticated identity thieves can replicate a credit card number using the expiration date and the last four digits of the card number.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and, therefore, TOYS denies the allegations of Paragraph 7.

8.    The expiration date is generally necessary for misuse of the card number.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8.

9.    Merchants generally will not honor a credit card in a "card-not-present" transaction (telephone or Internet or fax) without both the correct expiration date and the card number.    Thieves prefer these card-not-present transactions to reduce their chances of apprehension.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10.    To curb this means of identity theft, FACTA prohibits merchants who accept credit cards and debit cards from issuing electronically-generated receipts displaying either the expiration date or more than the last five digits of the card number.

**ANSWER:**    FACTA speaks for itself as to its content and terms, and TOYS denies any characterization thereof or allegations inconsistent therewith.    TOYS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 and, therefore, TOYS denies the remaining allegations of Paragraph 10.

11.    The Fair and Accurate [sic] Transactions Act of 2003 was enacted on December 4, 2003.  FACTA is part of the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. § 1681 *et seq,* and gave merchants who accept credit or debit cards up to three years to comply with the truncation requirements.  15 U.S.C. § 1681c(g)(3)(A)-(B).  FACTA required full compliance with its provisions no later than December 4, 2006 for all machines in use and in all transactions. 15 U.S.C. §1681c(g)(3)(A).

**ANSWER:**    TOYS admits that FACTA was enacted on or about December 4, 2003. FACTA speaks for itself as to its content and terms, and TOYS denies any characterization thereof or allegations inconsistent therewith.    TOYS denies the remaining allegations of Paragraph 11.

12.    FACTA provided two compliance deadlines: (1) Machines brought into use before January 1, 2005, must have been brought into full compliance before December 4, 2006; and (2) machines first used after January 1, 2005 were required to fully comply immediately.

**ANSWER:**    FACTA speaks for itself as to its content and terms, and TOYS denies any characterization thereof or allegations inconsistent therewith.    TOYS denies the remaining allegations of Paragraph 12.

13.    Here, Plaintiff alleges that Defendant violated FACTA by failing to comply with the truncation requirement; specifically by printing more than the last five digits of the card numbers or by printing credit and debit card expiration dates on receipts provided to cardholders. Furthermore, Plaintiff alleges that Defendant violated FACTA recklessly by failing to protect Plaintiff (and a class of others similarly situated) against identity theft and credit or debit card fraud.

**ANSWER:**    TOYS admits that plaintiff alleges that TOYS recklessly violated FACTA. TOYS denies the remaining allegations of Paragraph 13.

14.    Defendant invaded the privacy of Plaintiff and the other class members by printing their protected, private information on receipts and permitting Defendant's employees access to that private information.

**ANSWER:**    TOYS denies the allegations of Paragraph 14.

15.    Plaintiff brings this action against Defendant based on Defendant's violation of 15 U.S.C. § 1681p *et seq.*  Plaintiff seeks class-wide statutory damages, attorneys' fees, costs, and such other relief as the Court deems proper, including punitive damages the evidence shows them appropriate.

**ANSWER:**    TOYS admits that plaintiff purports to bring this action against TOYS based on an alleged violation of 15 U.S.C. § 1681p and that plaintiff seeks class-wide statutory damages, attorneys' fees, costs, and other relief.    TOYS denies the remaining allegations of Paragraph 15.

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p (FCRA).

**ANSWER:**     Plaintiff's allegations of Paragraph 16 state legal conclusions as to which no answer is required.  TOYS denies the remaining allegations of Paragraph 16.

17.     Venue in this district is proper because Defendant does business here.

**ANSWER:**     Plaintiff's allegations of Paragraph 17 state legal conclusions as to which no answer is required.  TOYS denies the remaining allegations of Paragraph 17.

## PARTIES

18.     Plaintiff GREGORY J. ELLIS is a resident of Cook County, Illinois.

**ANSWER:**     TOYS lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the residency of the plaintiff and, therefore, TOYS denies the allegations of Paragraph 18.

19.     TOYS "R" US-DELAWARE, INC. is a foreign corporation with its principal place of business in New Jersey.

**ANSWER:**     TOYS admits that it is a Delaware corporation with its principal place of business in New Jersey.  TOYS denies the remaining allegations of Paragraph 19.

20.     Defendant is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

**ANSWER:**     Plaintiff's allegations of Paragraph 20 state legal conclusions as to which no answer is required.  TOYS denies the remaining allegations of Paragraph 20.

21.     Defendant Does 1-10 are individual officers, directors, employees and agents of Defendant who authorized, directed, or participated in the violations of law complained of.

**ANSWER:**     TOYS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and, therefore, TOYS denies the allegations of Paragraph 21.

## FACTS

22.    On December 17, 2006, after FACTA's final truncation requirement went into effect, Plaintiff received from the Defendant a computer-generated receipt displaying more than five (5) digits of Plaintiff's credit card number.

**ANSWER:**    FACTA speaks for itself as to its content and terms, and TOYS denies any characterization thereof or allegations inconsistent therewith.    TOYS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 and, therefore, denies the remaining allegations of Paragraph 22.

## CLASS ALLEGATIONS

23.    Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P.23(a) and (b)(3).

**ANSWER:**    TOYS admits that the plaintiff purports to bring this action on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and (b)(3).    TOYS denies the remaining allegations of Paragraph 23.

24.    The class is defined as:    "All persons to whom Defendant provided an electronically-printed receipt at the point of a sale or transaction after the applicable statutory deadline (after December 4, 2006 for machines in use before January 1, 2005 or immediately for machines first used after January 1, 2005) and which receipt displayed either (a) more than the last five digits of the purchaser's credit card or debit card number, or (b) the expiration date of the purchaser's credit card or debit card, or (c) both.[1]

**ANSWER:**    TOYS admits that the plaintiff purports to seek to represent the class described in Paragraph 24.    TOYS denies the remaining allegations of Paragraph 24.

25.    The class is so numerous that joinder of all individual members in one action would be impracticable.    The proposed class includes more than 100 persons.

**ANSWER:**    Plaintiff's allegations of the first sentence of Paragraph 25 state legal conclusions as to which no answer is required.    TOYS lacks knowledge or information sufficient

---

[1] Excluded from the Class are Defendant's officers and directors, Plaintiff's counsel, and any Judge or Justice presiding over this action.

to form a belief as to the truth of the remaining allegations of Paragraph 25 and, therefore, TOYS

denies the remaining allegations of Paragraph 25.

26.    Common questions of law or fact apply to the claims of all class members and those common questions predominate over questions affecting only individual members. The common questions include the following:

    a.    Whether Defendant printed sales or transaction receipts truncated credit or debit card numbers and credit or debit card expiration dates as FACTA required;

    b.    When Defendant put its credit and debit card machines into service;

    c.    Whether Defendant had a practice of providing customers sales or transaction receipts that failed to comply with FACTA's truncation requirement;

    d.    Whether Defendant violated FACTA;

    e.    Whether Defendant's conduct was reckless;

    f.    What amount of statutory damages the Court should order Defendant to pay; and

    g.    Identification and involvement of the Doe Defendant.

    **ANSWER:**    Plaintiff's allegations of Paragraph 26 state legal conclusions as to which

no answer is required. TOYS denies the remaining allegations of Paragraph 26.

27.    Plaintiff's claims are typical of the claims of the other class members. Every class member's claims are based on the same legal theories and arise from the same unlawful and reckless conduct.

    **ANSWER:**    Plaintiff's allegations of Paragraph 27 state legal conclusions as to which

no answer is required. TOYS denies the remaining allegations of Paragraph 27.

28.    Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of the class members. Plaintiff has retained experienced counsel.

    **ANSWER:**    Plaintiff's allegations of Paragraph 28 state legal conclusions as to which

no answer is required. TOYS denies the remaining allegations of Paragraph 28.

29.   A class action is superior method to other available means for the fair and efficient adjudication of the claims of class members.   Individual actions are economically unfeasible and impractical.

**ANSWER:**   Plaintiff's allegations of Paragraph 29 state legal conclusions as to which no answer is required.  TOYS denies the remaining allegations of Paragraph 29.

## VIOLATION ALLEGED

30.   Defendant violated 15 U.S.C. §1681c(g)(1), which provides that:

> ...no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

**ANSWER:**   15 U.S.C. § 1681c(g)(1) speaks for itself as to its contents and terms, and TOYS denies any characterization thereof or allegations inconsistent therewith.  TOYS denies the remaining allegations of Paragraph 30.

31.   With respect to machines first placed into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

**ANSWER:**   FACTA speaks for itself as to its content and terms, and TOYS denies any characterization thereof or allegations inconsistent therewith.   TOYS denies the remaining allegations of Paragraph 31.

32.   With respect to machines in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(A) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

**ANSWER:**   FACTA speaks for itself as to its content and terms, and TOYS denies any characterization thereof or allegations inconsistent therewith.   TOYS denies the remaining allegations of Paragraph 32.

33.   Defendant accepts credit cards or debit cards in the course of transacting business with persons such as Plaintiff and the other class members.   In transacting such business, Defendant uses cash registers or other machines or devices that electronically print receipts for credit and debit card transactions.

**ANSWER:**   TOYS admits that it accepts credit cards and debit cards in the course of transacting business and that it uses cash registers or other machines or devices that electronically print receipts for credit and debit card transactions. TOYS denies the remaining allegations of Paragraph 33.

34.     After the effective date of FACTA, Defendant, at the point of sale or transaction, provided Plaintiff and each class member with one or more electronically-printed receipts. On each of those receipts, Defendant failed to comply with the truncation requirement.

**ANSWER:**   FACTA speaks for itself as to its content and terms, and TOYS denies any characterization thereof or allegations inconsistent therewith. TOYS lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 34 and, therefore, TOYS denies the remaining allegations of Paragraph 34.

35.     FACTA was enacted in 2003 and gave merchants who accept credit or debit cards up to three years to comply with its requirements, mandating compliance for all machines no later than December 4, 2006.

**ANSWER:**   FACTA speaks for itself as to its content and terms, and TOYS denies any characterization thereof or allegations inconsistent therewith. TOYS denies the remaining allegations of Paragraph 35.

36.     Defendant knew or should have known of FACTA's truncation requirement.

**ANSWER:**   TOYS admits that it was aware of FACTA at some point after its enactment. TOYS denies the remaining allegations of Paragraph 36.

37.     On information and belief, VISA, MasterCard, the PCI Security Standards Council—a consortium founded by VISA, MasterCard, Discover, American Express and JCB—companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendant about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and Defendant's need to comply with same.

**ANSWER:**   FACTA speaks for itself as to its content and terms, and TOYS denies any characterization thereof or allegations inconsistent therewith. TOYS admits that it was aware of

FACTA at some point after its enactment.    TOYS denies the remaining allegations of Paragraph 37.

38.    These requirements were widely publicized.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 38 and, therefore, TOYS denies the allegations of Paragraph 38.

39.    For example, in response to earlier state legislation enacting a similar truncation requirement, on March 6, 2003, the CEO of Visa USA, Carl Pascarella, explained that "Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts.   The card's expiration date will be eliminated from receipts altogether....   The first phase of this new policy goes into effect July 1, 2003 for all new terminals...."   "Visa USA Announces Account Truncation Initiative to Protect Consumers from ID Theft; Visa CEO Announces New Initiative at Press Conference with Sen. Dianne Feinstein," PR Newswire, March 6, 2003.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 39 and, therefore, TOYS denies the allegations of Paragraph 39.

40.    Within 24 hours, MasterCard and American Express announced that they were imposing similar requirements.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 40 and, therefore, TOYS denies the allegations of Paragraph 40.

41.    The card issuing organizations started requiring compliance with FACTA by contract, in advance of FACTA's mandatory compliance date.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 41 and, therefore, TOYS denies the allegations of Paragraph 41.

42.    For example, the August 12, 2006 edition of "Rules for Visa Merchants" (p. 62), distributed to and binding upon all merchants accepting Visa cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of the receipt" and "the expiration date should not appear at all."   These statements were accompanied by a picture of a receipt showing precisely what had to be removed and could not be printed on receipts.   VISA required complete compliance by July 1, 2006, five months ahead of the statutory deadline.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 42 and, therefore, TOYS denies the allegations of Paragraph 42.

43.    Defendant accepts Visa cards and is a party to a contract requiring compliance with the above-quoted requirement.

**ANSWER:**    TOYS' contracts speak for themselves as to their contents and terms, and

TOYS denies any characterizations thereof or allegations inconsistent therewith.  TOYS admits

that it accepts Visa cards.  TOYS denies the remaining allegations of Paragraph 43.

44.    These requirements were widely publicized.  The following are illustrative.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 44 and, therefore, TOYS denies the allegations of Paragraph 44.

45.    On July 9, 2003, L. Richard Fischer of VISA USA presented a statement to the House Committee on Financial Services supporting the truncation requirements of what ultimately became FACTA.  Mr. Fischer stated:

> Although Visa generally believes that the details of preventing identity theft should be left to financial institutions that are best suited to address ever evolving fraud techniques, Title II could provide important benefits to consumers and financial institutions alike by establishing workable identity theft provisions and ensuring that these provisions benefit from national uniformity.  For example, Section 203 of Title II would prohibit any merchant or other entity that accepts credit cards and debit cards from printing more than the last four digits of the card account number or the expiration date upon receipts provided to cardholders at the point of sale.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 45 and, therefore, TOYS denies the allegations of Paragraph 45.

46.    The Office of Thrift Supervision of the Treasury Department (the "OTS") is responsible for, *inter alia*, compliance with FACTA by federal savings banks.  Toward this end, the OTS publishes an Examination Handbook for OTS field personnel to use when they perform an examination, or compliance audit, of a given financial institution.  The February 2006 edition of the Handbook states:

### Truncation of Credit and Debit Card Account Numbers

Ensure that electronically generated receipts from ATM and POS terminals or other machines do not contain more than the last five digits of the card number and do not contain the expiration dates.

**ANSWER:**   Plaintiff's allegations of the first sentence of Paragraph 46 state legal conclusions as to which no answer is required. TOYS lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 46 and, therefore, TOYS denies the allegations of Paragraph 46.

47.   Heartland Payment Systems, Inc. provides credit and debit card, payroll and related processing services to restaurant, hotel and retail merchants throughout the United States, and indicates on its website that it provides services to over 137,000 merchants. In 2003, Heartland broadly disseminated a pamphlet containing the following statement:

Your credit card terminal is now — or will soon be required by law or the bankcard associations to truncate — or limit — the information that can appear on electronically printed sales receipts.

What that means is that on all cardholder numbers:

•   The expiration date must be eliminated

•   All but the last four numbers of the card number must be obscured....

**ANSWER:**   TOYS lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 47 and, therefore, TOYS denies the allegations of Paragraph 47.

48.   In 2006, Heartland broadly disseminated a second pamphlet including the following statement:

**Make every transaction a safe one. \*\*\*\***

The cardholder's receipt *should not include* the card's expiration date and *should only include* the last 4 or 5 digits of the card number. \*\*\*\*

**ANSWER:**   TOYS lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 48 and, therefore, TOYS denies the allegations of Paragraph 48.

49.   Commerce Bank, another credit card processor, sent "Merchant Compliance Awareness" notices to its customers during 2004. Those notices stated that all but the last four

digits of the cardholder's account number and the entire expiration date must be suppressed from and not displayed on the receipt.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 49 and, therefore, TOYS denies the allegations of Paragraph 49.

50.    Many restaurant and retail trade associations notified their merchant members of FACTA's truncation requirements, mirroring Visa's truncation requirements. For example, in its February/March 2005 Newsletter, the Virginia Retail Merchants Association reported that "FACTA says receipts for credit and debit card transactions may not include more than the last five digits of the card number or expiration date."

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 50 and, therefore, TOYS denies the allegations of Paragraph 50.

51.    In the April 23, 2003 edition of the monthly magazine for the National Association of Convenience Stores, an article titled "Visa USA Targets Identity Theft," appeared which included the following statement:

> [A]t a press conference held last month with Sen. Dianne Feinstein (D-CA), Visa announced its account truncation security policy. This protects consumers from identity theft by limiting cardholders' information on receipts to the last four digits of their accounts. The policy will also eliminate the card's expiration date from receipts altogether. Feinstein has introduced legislation to combat identity theft.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 51 and, therefore, TOYS denies the allegations of Paragraph 51.

52.    The April 2005 edition of the Food Industry Advisor, the newsletter for the Pennsylvania Food Merchants Association and Pennsylvania Convenience Store Council, included an article regarding FACTA's truncation requirements and including the following language:

> [A]ccording to the FACTA Act, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction....

The same article appeared in the April 2005 Edition of the NACS Magazine, published by the National Association of Convenience Stores.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 52 and, therefore, TOYS denies the allegations of Paragraph 52.

53.    In its Spring 2004 Newsletter, the Connecticut Restaurant Association Newsletter included an article regarding Requirements for Credit Card Truncation stating:

> [T]here is currently no Connecticut state law, so the two ruling requirements come from VISA and a new Federal Fair Credit Reporting Act signed in December 2003.

> Truncation requires that all but the last four digits of the cardholder account number, along with the entire expiration date, be suppressed on the cardholder copy of the transaction receipt generated from all electronic terminals....

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 53 and, therefore, TOYS denies the allegations of Paragraph 53.

54.    After FACTA's enactment, the Wisconsin Restaurant Association issued a "Credit Card Transaction" Alert to its members, which stated:

> You may have been hearing about credit card truncation lately. This is what you need to know.

> Credit card truncation removes all but the last four (or five) digits of a credit card account number and the expiration date from the sales receipt. For example:  A non-truncated receipt would list:

> Acct. # 1234 5678 7654 3210 Exp. 10/05

> while a truncated receipt would show:

> Acct. #:  **** **** **** 3210 Exp **** ....

> The federal Fair and Accurate Credit Transaction Act of 2003, prohibits any person that accepts credit cards or debit cards from printing expiration date and more than the last five digits of the card number upon any terminal-generated receipt provided to the cardholder at the point of sale....

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 54 and, therefore, TOYS denies the allegations of Paragraph 54.

55.    An article appeared in the January 2005 edition of the Massachusetts Restaurant Association Newsletter notifying Association members that both Visa and MasterCard require

truncation of the entire expiration date and all but the last four digits of the cardholder account number.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 55 and, therefore, TOYS denies the allegations of Paragraph 55.

56.    Similar information was disseminated by the Ohio Restaurant Association, the Oklahoma Restaurant Association, and a significant number of other restaurant trade associations, and retail merchant trade associations.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 56 and, therefore, TOYS denies the allegations of Paragraph 56.

57.    An article was published in the March/April 2006 Edition of the Ohio Independent Automobile Dealers' Association Dealer News Magazine entitled, "What You Should Know About Credit and Debit Card Procession and the FACTAs about Card Truncation." The article states:

> What is Card Truncation?  This federal law sets deadlines by which the receipt electronically printed from a credit card sale must be truncated— meaning, the receipt given to the customer shows no more than the last five digits of the customer's credit card number and does not show the expiration date.

> Business owners are responsible for merchant account compliance with the truncation regulations and must make sure their printed cardholder receipts do not contain expiration dates or full account numbers.

This same article appeared in the March/April edition of the West Coast Independent Automobile Dealer News.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 57 and, therefore, TOYS denies the allegations of Paragraph 57.

58.    The Independent Insurance Agents & Brokers of America circulated a report to its members dated June 5, 2005 titled:  "Overview of the Fair Credit Reporting Act, the Fair and Accurate Credit Transactions Act, and the Drivers Privacy Protection Act."  In relevant part, this publication stated:

> Under the FACTA Act, businesses and others accepting credit or debit cards for payment may not print more than the last five digits of the card number nor may they print the expiration date upon any receipt provided to the cardholder at the point of sale.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 58 and, therefore, TOYS denies the allegations of Paragraph 58.

59.    The November 18, 2004 edition of the Compliance Challenge, published by the Credit Union National Association News, stated, "FACTA prohibits anyone that accepts credit/debit cards to print more than the last 5 digits of the card number or expiration date on any receipt at the point of sale or transaction...."

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 59 and, therefore, TOYS denies the allegations of Paragraph 59.

60.    Truncation standards, including the standards reflected in the Visa Merchant Rules and in FACTA, permit the publication of the last four or five digits of customer account numbers on the receipt presented to customers at the point of sale.   The publication of this minimal amount of account information is sufficient to facilitate merchant account reconciliation, processing of returns, etc.   In isolation, the publication of *only* the last four or five digits of a customer account number significantly limits the extent to which a potential identity thief can effectively use customer receipts disseminated at the point of sale to facilitate identity theft.

**ANSWER:**    FACTA and Visa Merchant Rules speak for themselves as to their content

and terms, and TOYS denies any characterization thereof or allegations inconsistent therewith.

TOYS lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of Paragraph 60 and, therefore, TOYS denies the remaining allegations of

Paragraph 60.

61.    Publishing or making known expiration dates on customer receipts disseminated at the point of sale, with the last four or five digits of the customer's account number, exponentially increases the possibility of identity theft, which is the palpable reason that Visa, and then Congress, required the truncation of expiration dates.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 61.

62.    Credit and debit card account numbers are not randomly generated.   Instead, account numbers reflect an internal coding scheme set forth by the International Organization for Standardization ("ISO") 7812, which defines the content in the cards' magnetic strips. Consistent with this standard, every credit card number consists of the following:   (a) a single digit Major Industry Identifier ("MII"); (b) an issuer identification number ("IIN"); (c) a number unique to the card; and (d) a check digit.

**ANSWER:**     TOYS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 and, therefore, TOYS denies the allegations of Paragraph 62.

63.     The MII identifies the industry of the issuer of the card.

**ANSWER:**     TOYS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 and, therefore, TOYS denies the allegations of Paragraph 63.

64.     The IIN consists of the first six digits of the card number and identifies the specific issuer of the card.

**ANSWER:**     TOYS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64.

65.     The seventh through next to the last digits, up to a maximum of 12 digits, are the numbers unique to the card.

**ANSWER:**     TOYS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65.

66.     The last digit is a "check digit" that is not randomly assigned, but instead calculated by a defined algorithm.   Therefore, the "check digit" is derivative of the other numbers in the credit card number.

**ANSWER:**     TOYS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 and, therefore, TOYS denies the allegations of Paragraph 66.

67.     Astute identity thieves are familiar with this coding paradigm and can use sophisticated mathematical modeling to decipher account numbers.

**ANSWER:**     TOYS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 and, therefore, TOYS denies the allegations of Paragraph 67.

68.    Because an identity thief is able to decipher a credit card user's account number, the importance of truncating expiration dates becomes manifest. That is, unlike the account number on the credit or debit card, the expiration date cannot be deciphered through sophisticated mathematical modeling. Therefore, the expiration date is an important security check that corroborates that a person attempting to use a given account number is actually the authorized user of the card.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 68.

69.    Expiration dates also help confirm that a person making a purchase over the phone or on the internet possesses the card.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 69.

70.    Banks and credit card associations (*i.e.* Visa, MasterCard, American Express, etc.) are keenly aware of the importance of truncating expiration dates.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 70 and, therefore, TOYS denies the allegations of

Paragraph 70.

71.    An identity thief who acquires a receipt containing the last four or five digits of a credit card number ***and*** the card's expiration date can use that data in an attempt to dupe the cardholder, or other potential information sources, into disclosing additional confidential financial information relating to the cardholder. The more information that is disclosed on the receipt, the easier it is to pilfer additional confidential information.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 71 and, therefore, TOYS denies the allegations of

Paragraph 71.

72.    The FTC issued rules governing interpretation of the statute, including:

According to the federal Fair and Accurate Credit Transaction Act (FACTA), the electronically printed credit and debit card receipts you give your customers must shorten — or truncate — the account information. You may include no more than the last five digits of the card number, and you must delete the card's expiration date. For example, a receipt that

truncates the credit card number and deletes the expiration date could look like this:

ACCT: ***********12345

EXP: ****

*See* Bureau of Consumer Protection, Federal Trade Commission, *Slip Showing?  Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts* (May 2007).

**ANSWER:**    The statement of the FTC speaks for itself as to its content, and TOYS denies any characterization thereof or allegations inconsistent therewith.  TOYS lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 72 and, therefore, TOYS denies the allegations of Paragraph 72.

73.    The cost of truncating credit and debit account numbers (or expiration dates) is minimal.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 and, therefore, TOYS denies the allegations of Paragraph 73.

74.    Most of Defendant's business peers and competitors brought their credit and debit card receipt printing processes into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement.  Defendant could have done the same.

**ANSWER:**    TOYS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 and, therefore, TOYS denies the allegations of Paragraph 74.

75.    FACTA creates a statutory right of privacy.

**ANSWER:**    Plaintiff's allegations of Paragraph 75 state legal conclusions as to which no answer is required.  TOYS denies the remaining allegations of Paragraph 75.

76.    Defendant made known to its staff and possibly others Plaintiff's private credit card information, violating Plaintiff's right of privacy.  Stated differently, by publishing Plaintiff's private credit card information to Defendant's staff and possibly others, Defendant

violated Plaintiff's right of privacy. Defendant similarly violated the privacy rights of the other class members.

    **ANSWER:**   TOYS denies the allegations of Paragraph 76.

    77.   Defendant recklessly disregarded FACTA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTA. 15 U.S.C. § 1681n.

    **ANSWER:**   TOYS denies the allegations of Paragraph 77.

    78.   Therefore, Defendant is liable to Plaintiff and the other class members for, among other things, "any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(A).

    **ANSWER:**   TOYS denies the allegations of Paragraph 78.

    **WHEREFORE,** TOYS prays that the Court enter judgment in favor of TOYS, deny the plaintiffs any relief, and grant such other relief as the Court deems just and proper.

## ADDITIONAL DEFENSES

For its additional defenses, TOYS alleges as follows:

    1.   Plaintiff cannot maintain this action as a class action under Federal Rule of Civil Procedure 23 because, among other reasons, there are not questions of law or fact common to any alleged class, the claims or defenses of the representative parties are not typical of the claims or defenses of any alleged class, the representative party will not fairly and adequately protect the interests of any alleged class, and a class action is not a superior means of seeking redress for the purely technical statutory violations alleged.

    2.   At all times relevant, TOYS acted reasonably and did attempt in good faith to comply with 15 U.S.C. §1681c(g)(1).

    3.   Plaintiff lacks standing to bring this action because plaintiff has not suffered any damages.

4.    Any losses or damages incurred by plaintiff, or any member of the alleged class, were caused in whole or in part by persons other than TOYS, and TOYS is not liable for damages caused by others.

5.    Any award of statutory or punitive damages to plaintiff or any member of the alleged class would be grossly disproportionate to any actual injury sustained by plaintiff or any class member and would therefore deny TOYS of its rights under the Due Process or Excessive Fines clauses of the Constitution of the United States.

6.    TOYS hereby gives notice that it intends to rely upon such other additional defenses as may become available or apparent during the course of discovery and therefore reserves the right to amend or supplement its Answer, file further pleadings, and assert additional claims and defenses as supported by the evidence.


**DATED:**    June 23, 2008.                    TOYS "R" US-DELAWARE, INC.


                                        /s/ Richard M. Hoffman
                                        One of Its Attorneys

Michael Dockterman (3121675)
Richard M. Hoffman (6204295)
Katherine K. Ivers (6284902)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 2800
Chicago, IL 60606-1229
PH:  (312) 201-2000
FX:  (312) 201-2555

## CERTIFICATE OF SERVICE

I, Richard M. Hoffman an attorney, hereby certify that I caused a copy of the foregoing **Defendant's Answre to Class Action Complaint** to be filed via the CM/ECF electronic filing system on this 23rd day of June, 2008.


/s/ Richard M. Hoffman