**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORY J. ELLIS, individually and as the representative of a class of similarly-situated persons, | ) ) ) | |
| Plaintiff, | ) ) | No. 08 CV 2945 |
| v. | ) ) | Judge William T. Hart |
| TOYS "R" US-DELAWARE, INC. and DOES 1-10, | ) ) | Magistrate Judge Maria G. Valdez |
| Defendants. | ) ) ) | |

### DEFENDANT TOYS "R" US-DELAWARE, INC.'S AGREED MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendant Toys "R" Us-Delaware, Inc. ("TOYS") hereby moves for entry of the Stipulated Protective Order attached hereto as Exhibit A. In support of its motion, TOYS states as follows:

1.      Under Rule 26(c), a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1); *Am. Hardware Mfrs. Ass'n v. Reed Elsevier, Inc.*, 2007 U.S. Dist. LEXIS 39636, *4-5 (N.D. Ill. May 14, 2007). Rule 26(c) specifically grants courts the authority to enter a protective order limiting the disclosure of trade secrets or other confidential research, development, or commercial information. Fed. R. Civ. P. 26 (c)(1)(G).

2.      Good cause exists for entry of a protective order in this case.

3.      Several of plaintiff's discovery requests issued to date call for the production of documents that may contain competitively or commercially sensitive, proprietary, or financial information, including: non-public arrangements and agreements with third parties; non-public financial information; and information regarding defendant TOYS' point of sale or other technology or operations. Given the nature of his claims and his purported need to identify

members of the class, plaintiff will likely seek the production of documents containing non-public personal information about TOYS' customers, including their credit or debit card account numbers and credit or debit card expiration dates.  In addition, TOYS will likely seek discovery regarding plaintiff's credit and debit card transactions which includes the account number of the credit card at issue in this action.

4.      Courts routinely recognize that the categories of information and documents requested, and likely to be requested, by plaintiff are confidential and properly the subject of a protective order.  *See Alloc, Inc. v. Unilin Decor, N.V.*, 2006 U.S. Dist. LEXIS 79183, *2-19 (E.D. Wis. Oct. 26, 2006); *McGee v. City of Chicago,* 2005 U.S. Dist. LEXIS 30925, *7-8 (N.D. Ill. June 23, 2005); *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 2004 U.S. Dist. LEXIS 27927, *4-6 (N.D. Ill. Sept. 28, 2004); *Jet, Inc. v. Shell Oil Co.*, 2003 U.S. Dist. LEXIS 10537, *2-15 (N.D. Ill. June 12, 2003).

5.      The proposed Stipulated Protective Order is a reasonable limitation and contains a well-defined and simple procedure for adjudicating any disputes that might arise with respect to the confidential information.  Thus, the Stipulated Protective Order guards against abuse or misuse by any producing party.

6.      The definitions of designated confidential information in the Stipulated Protective Order are narrowly tailored, and this Order will only permit the protection of information falling within the scope of Rule 26(c).

7.      The terms of the proposed Stipulated Protective Order were taken from, and are virtually identical to, a Stipulated Protective Order entered by Magistrate Judge Cole on April 4, 2008 in another FACTA putative class action, *Aliano v. Texas Roadhouse, et al.*, Case No. 07-CV-4108.

8.      Plaintiff has advised TOYS that he does not object to the terms of the proposed

Stipulated Protective Order.

**WHEREFORE,** TOYS prays that the Court enter the attached Stipulated Protective

Order and grant such other relief as it deems just and proper.

DATED:      July 25, 2008.                    Respectfully submitted,

                                              TOYS "R" US-DELAWARE, INC.


                                              By:    /s/ Richard M. Hoffman
                                                     One of Its Attorneys

Michael Dockterman (#3121675)
Richard M. Hoffman (#6204295)
Katherine K. Ivers (#6284902)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 2800
Chicago, IL 60606-1229
PH:  (312) 201-2000
FX:  (312) 201-2555

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORY J. ELLIS, individually and as the representative of a class of similarly-situated persons, | ) ) ) | |
| Plaintiff, | ) ) | No. 08 CV 2945 |
| v. | ) ) | Judge William T. Hart |
| TOYS "R" US-DELAWARE, INC. and DOES 1-10, | ) ) ) | Magistrate Judge Maria G. Valdez |
| Defendants. | ) ) | |

**STIPULATED PROTECTIVE ORDER**

Pursuant to defendant's Agreed Motion for Entry of Stipulated Protective Order, and under the authority set forth in Rule 26(c) of the Federal Rules of Civil Procedure, this Court finds that entry of a Protective Order is appropriate in this case.

**INTRODUCTION**

1.     Under Rule 26(c), a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c)(1); *Am. Hardware Mfrs. Ass'n v. Reed Elsevier, Inc.*, 2007 U.S. Dist. LEXIS 39636, *4-5 (N.D. Ill. May 14, 2007).  Rule 26(c) specifically grants courts the authority to enter a protective order limiting the disclosure of trade secrets or other confidential research, development, or commercial information.  Fed. R. Civ. P. 26 (c)(1)(G).

2.     Good cause exists for entry of a protective order in this case.

3.     Several of plaintiff's discovery requests issued to date call for the production of documents that may contain competitively or commercially sensitive, proprietary, or financial information, including:  non-public arrangements and agreements with third parties; non-public financial information; and information regarding defendant TOYS "R" US-DELAWARE, INC.'s

("TOYS 'R' US") point of sale or other technology or operations.  Given the nature of his claims and his purported need to identify members of the class, plaintiff will likely seek the production of documents containing non-public personal information about TOYS "R" US's customers, including their credit or debit card account numbers and credit or debit card expiration dates.  In addition, TOYS "R" US will likely seek discovery regarding plaintiff's credit and debit card transactions which includes the account number of the credit card at issue in this action.

4.      Courts routinely recognize that the categories of information and documents requested, and likely to be requested, by plaintiff are confidential and properly the subject of a protective order.  *See Alloc, Inc. v. Unilin Decor, N.V.*, 2006 U.S. Dist. LEXIS 79183, *2-19 (E.D. Wis. Oct. 26, 2006); *McGee v. City of Chicago,* 2005 U.S. Dist. LEXIS 30925, *7-8 (N.D. Ill. June 23, 2005); *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 2004 U.S. Dist. LEXIS 27927, *4-6 (N.D. Ill. Sept. 28, 2004); *Jet, Inc. v. Shell Oil Co.*, 2003 U.S. Dist. LEXIS 10537, *2-15 (N.D. Ill. June 12, 2003).

5.      The proposed Stipulated Protective Order is a reasonable limitation and contains a well-defined and simple procedure for adjudicating any disputes that might arise with respect to the confidential information.  Thus, the Stipulated Protective Order guards against abuse or misuse by any producing party.

6.      The definitions of designated confidential information in the Stipulated Protective Order are narrowly tailored, and this Order will only permit the protection of information falling within the scope of Rule 26(c).

7.      Defendant has proposed, and plaintiff does not object to, the provisions herein.

**IT IS THEREFORE ORDERED THAT:**

A.     This Stipulated Protective Order shall govern the use of all information or documents revealed or produced during the course of discovery in these proceedings by any party or third party, whether in response to a document request, interrogatory, deposition, subpoena or otherwise, (all such materials are collectively referred to hereinafter as "Discovery Materials"), including any information or documents produced in this action prior to the entry of this Order. This Stipulated Protective Order is binding upon the parties to this action and their respective attorneys and agents. All Discovery Materials furnished by any person in this action shall be made available to and used by the parties solely for the purpose of these proceedings and for no other purpose.

B.     The following procedures shall be used in this Action for the protection of the parties and third parties against the improper disclosure or use of confidential information produced in discovery.

I.     DEFINITIONS.

(a)     The "Action" shall mean and refer to the above-entitled matter, *Gregory J. Ellis v. Toys "R" Us-Delaware, Inc.*, Civil Action No. 08-CV-2945, pending in the United States District Court for the Northern District of Illinois.

(b)     "CONFIDENTIAL" information shall include all Discovery Materials revealed, produced, or disclosed during the course of this Action that are of a competitively or commercially sensitive, proprietary, financial, or trade secret nature, or involve or implicate privacy interests of persons or entities, not included in the definition of ATTORNEYS' EYES ONLY stated below. Specific categories of "CONFIDENTIAL" information include, but are not limited to: the terms of non-public arrangements and agreements with third parties; non-public financial information or data; research and development materials concerning released and/or

unreleased products or services; current or future business plans; forecasts and strategies; trade secrets; unreleased product designs and configurations; detailed documentation regarding TOYS "R" US's point of sale or other electronic information systems; information regarding current discussions with third parties concerning potential joint ventures or other strategic collaborations; and information about plaintiff's credit and debit card transactions and accounts.

(c)     "ATTORNEYS' EYES ONLY" information shall include all Discovery Materials revealed, produced, or disclosed during the course of this Action that consist of or disclose non-public personal information about TOYS "R" US's customers (other than plaintiff), including but not limited to, credit or debit card account numbers or portions thereof, credit or debit card expiration dates, social security numbers, or the like.

(d)     "Party" or "parties" shall mean and refer to any party in the above-entitled Action, including all of such party's officers, directors, employees, consultants, retained experts, inside and outside counsel, as well as support staff of such.

(e)     "Producing Party" shall mean any party or third party producing or providing Discovery Materials that are designated CONFIDENTIAL or ATTORNEYS' EYES ONLY information under the terms of this Order.

(f)     "Receiving Party" shall mean any party receiving Discovery Materials that are designated CONFIDENTIAL or ATTORNEYS' EYES ONLY information under the terms of this Order.

## II.   CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION.

(a)     Any Producing Party shall have the right to designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" any Discovery Materials that the Producing Party determines in good faith constitutes or contains CONFIDENTIAL or ATTORNEYS' EYES ONLY information.

(b)    No CONFIDENTIAL or ATTORNEYS' EYES ONLY designation shall be made unless the Producing Party or third party from whom discovery is sought believes in good faith that the designated material is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure and is further entitled to the protection designated and provided for herein.

III.    DESIGNATION OF DISCOVERY MATERIALS.

(a)    Any Discovery Materials deemed CONFIDENTIAL or ATTORNEYS' EYES ONLY under Section II(a) by the Producing Party shall be clearly marked by the Producing Party as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

(b)    If only a portion or portions of the Discovery Materials qualifies for protection under the standards set forth herein, the Producing Party must, to the extent possible, clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY").

(c)    Marking material as set forth in subsections (a) and (b) above shall constitute certification by the Producing Party that it reasonably believes good cause exists to so designate the material pursuant to the standards set forth in this Order.

IV.    DESIGNATION OF TESTIMONY.

(a)    If CONFIDENTIAL or ATTORNEYS' EYES ONLY information is marked as a deposition exhibit, such exhibit shall retain its designated status.

(b)    During any deposition, counsel may request that any portion or portions of the deposition or deposition exhibits also be treated as ATTORNEYS' EYES ONLY.

(c)    All deposition transcripts and the exhibits thereto shall be treated as ATTORNEYS' EYES ONLY in their entirety until thirty (30) days after receipt of the transcript by the parties unless the parties expressly agree otherwise, subject to the right of the deponent to

review, correct, and sign the deposition transcript.  Within thirty (30) days after receipt of the transcript, any party may designate portions of a deposition transcript as CONFIDENTIAL or ATTORNEYS' EYES ONLY.  The designation shall be accomplished by a letter to all other parties and the court reporter listing the pages, lines, and exhibits constituting CONFIDENTIAL or ATTORNEYS' EYES ONLY information.  If portions of the testimony had previously been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY during the deposition, the party is not required to re-designate those portions of the transcript during the thirty (30) day period unless the party wishes to change the designation.

**V.  ACCESS TO AND USE OF CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION.**

(a)  Discovery Materials designated as CONFIDENTIAL shall not be disclosed, except by the prior written consent of the Producing Party or pursuant to further order of this Court, to any person, corporation, or entity other than:

(i)  Counsel of record for the respective parties to this litigation, including attorneys, paraprofessionals, employees of such law firms, and contractors providing services to such attorneys, such as copying services;

(ii)  In-house attorneys for any party, as well as paralegals, secretaries, and clerical staff working with such attorneys;

(iii)  The Court and its personnel;

(iv)  The parties to this litigation, including named plaintiff, but not absent class members;

(v)  Any employee or representative of the Producing Party;

(vi)  Deposition, trial or other potential witnesses in this Action and their counsel; and

(vii)  Independent experts and consultants (and their employees and support staff) retained by the attorneys of record for any party for purposes of assisting in this Action.

However, prior to such disclosure to persons other than those described in clauses (i), (ii), (iii) and (v), counsel for the party disclosing shall furnish a copy of this Stipulated Protective Order

to such persons and shall obtain the written agreement of such persons to be bound by the terms of this Stipulated Protective Order, in the form of the Undertaking attached hereto as Appendix A.

       (b)     Discovery Materials designated as ATTORNEYS' EYES ONLY shall not be disclosed, except by the prior written consent of the Producing Party or pursuant to further order of this Court, to any person, corporation, or entity other than:

            (i)     Counsel of record for the respective parties to this litigation, including attorneys, paraprofessionals, and employees of such law firms to whom it is reasonably necessary to disclose the information for this Action;

            (ii)     In-house attorneys for any party, as well as paralegals, secretaries, and clerical staff working with such attorneys to whom it is reasonably necessary to disclose the information for this Action;

            (iii)     The Court and its personnel, but only subject to Section VI below;

            (iv)     Any employee or representative of the producing party with knowledge of the ATTORNEYS' EYES ONLY Discovery Materials; and

            (iv)     Independent experts and consultants (and their employees and support staff) retained by the attorneys of record for any party for purposes of assisting in this Action to whom disclosure is reasonably necessary in order for the attorneys to fully and effectively represent their client in this matter, who have signed the Undertaking attached hereto as Appendix A, and who certify that they have procedures and policies in place that comply with Section VIII below.

**VI.**    **SUBMISSION TO THE COURT.**

       (a)     Discovery Materials designated as ATTORNEYS' EYES ONLY may be cited in discovery requests and responses in this Action, and may be used in depositions and marked as deposition exhibits in this Action ***only*** when reasonably necessary and in accordance with this Order.

       (b)     CONFIDENTIAL information appropriately designated under the standards set forth in this Order may be cited in discovery requests and responses in this Action, and may be

used in depositions and marked as deposition exhibits in this Action, provided that the CONFIDENTIAL information is maintained as required by this Order.

(c)    If Discovery Materials designated CONFIDENTIAL or ATTORNEYS' EYES ONLY pursuant to this Order are used as an exhibit to any document filed with the Court or used at any deposition, hearing or trial, or if CONFIDENTIAL or ATTORNEYS' EYES ONLY information is disclosed in any document filed with the Court or in the transcript of any deposition, hearing or trial, the document or transcript attaching or referring to the CONFIDENTIAL or ATTORNEYS' EYES ONLY information, along with the Discovery Materials designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, shall be filed with the clerk under seal, pursuant to Local Rule 26.2.   Any such filing shall be clearly marked as containing materials filed under seal, bearing a statement substantially similar to the following:

*Ellis v. Toys "R" Us-Delaware, Inc.,* 08 CV 2945
United States District Court, Northern District of Illinois.

Presiding Judge:  William Hart

SEALED and CONFIDENTIAL:

By Order of this Court, dated _____, the contents of
this filing are not to be displayed or revealed.

_____
[Signature of Filing Attorney]

(d)    Any Discovery Material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY that is filed with the Court shall be filed under seal in the manner described above. Additionally, for any information filed with the Court pursuant to this subsection, all but the last four digits of any customer's credit or debit card account number must be redacted.

(e)    Nothing contained in this Order shall be construed to prejudice any party's right to use at trial or in any open hearing before the Court any CONFIDENTIAL or ATTORNEYS' EYES ONLY information appropriately designated as such under the terms of this Order.

(f)    At trial or in any open hearing, the Producing Party may request that exhibits containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information be submitted to the Court or otherwise maintained for purposes of the trial or hearing so as to maximize safeguards against disclosure of the CONFIDENTIAL or ATTORNEYS' EYES ONLY information. Nothing contained in this Order shall be construed to prejudice any party's right to use at trial or in any open hearing before the Court any CONFIDENTIAL or ATTORNEYS' EYES ONLY information appropriately designated as such under the terms of this Order.

(g)    If, through inadvertence or otherwise, CONFIDENTIAL or ATTORNEYS' EYES ONLY information is filed with the Court not in accordance with this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and to the Court, without prejudice to other rights and remedies of any party, and shall make every effort to prevent further disclosure.

## VII.    OBJECTION TO DESIGNATION.

(a)    Any party, or member of the general public, may challenge the designation of any Discovery Material that is marked as CONFIDENTIAL or ATTORNEYS' EYES ONLY within 21 days after the designation.  The party challenging a designation shall describe with particularity why each challenged Discovery Material should be re-designated.  Within 21 days of any such challenge, the parties shall confer in good faith to resolve any such disagreements. If the conference does not resolve the objections, then the designating party may apply to the Court by motion for a ruling that material designated by a party as CONFIDENTIAL or ATTORNEYS EYES ONLY shall be treated as such.  The designating party shall have the burden of

demonstrating the propriety of that designation. This Court shall determine any unresolved disputes using the same standards as if the designating party had applied for a protective order under the Federal Rules of Civil Procedure and related law.  The non-designating party shall continue to treat the Discovery Material that is the subject of the challenged designation as it has been designated pending a ruling by the Court on the designating party's motion.  Failure of the producing party to apply for a ruling within 28 days of such conference waives its right to confidentiality unless the parties agree to extend that time.

**VIII.  DISCLOSURE.**

(a)     *Due Care*.  The recipient of any CONFIDENTIAL information entitled to protection under the terms of this Order shall exercise due and proper care with respect to storage, custody, and use of all such CONFIDENTIAL information to ensure that access is limited to the persons authorized under this Order

(b)     *Due Care*.  The recipient, either the Receiving Party or permitted third party, of any ATTORNEYS' EYES ONLY information entitled to protection under the terms of this Order shall take all steps necessary or appropriate to ensure that the ATTORNEYS' EYES ONLY information is secure, so that TOYS "R" US's customers are protected against any misuse of their personal information, and that access to ATTORNEYS' EYES ONLY information is limited to the persons authorized under this Order.  If ATTORNEYS' EYES ONLY information is produced in the form of non-electronic Discovery Materials, the ATTORNEYS' EYES ONLY information must be stored under lock and key, in a secure and access restricted location, with access allowed only to the persons authorized under this Order to receive such information.  If ATTORNEYS' EYES ONLY information is in the form of electronic Discovery Materials, the ATTORNEYS' EYES ONLY information must be stored in a secure database with access limited to those persons authorized under this Order to receive such information.  To the extent

plaintiff's counsel maintains any ATTORNEYS' EYES ONLY information in electronic form, such information must be maintained only on a secure and dedicated stand alone desktop computer (no laptop computers shall be used) which is not to contain any other files or be used for any other purposes, and which shall be maintained in a manner consistent with subparagraphs (iv), (viii), and (ix) below. To the extent a party seeks to provide ATTORNEYS' EYES ONLY information to a permitted third party under this Order, before disclosure is permitted, such third party must first provide certification of its compliance with the Payment Card Industry ("PCI") Data Security Standard, including but not limited to, the following:

(i)      Maintaining proper firewall configuration;

(ii)     Maintaining proper security to prevent unauthorized access via internet connections and wireless networks;

(iii)    Maintaining adequate network segmentation to isolate systems that store, process, or transmit card holder data;

(iv)    Removing the default system passwords, administrators' passwords, and other security parameters included in software provided by third-party vendors;

(v)     Ensuring all systems have the most recently released security patches;

(vi)    Using and updating anti-virus software;

(vii)   Regularly monitoring and testing network security;

(viii)  Assigning a unique user ID and password to each individual with access to the systems; and

(ix)    Limiting physical access to systems that house cardholder data.

(c)     *Inadvertent Disclosure*.  If, through inadvertence, the Producing Party provides any Discovery Materials containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information during the course of this Action without designating the Discovery Materials as set forth in Section 3 *supra*, the Producing Party may subsequently inform the Receiving Party in

writing of the CONFIDENTIAL or ATTORNEYS' EYES ONLY nature of the Discovery Materials and provide the Receiving Party with appropriately designated Discovery Materials. The Receiving Party shall thereafter treat the disclosed material in accordance with this Order to the extent that the Receiving Party has not already disclosed the material. If the Receiving Party disclosed undesignated CONFIDENTIAL or ATTORNEYS' EYES ONLY information to a party or person retained by the party, the Receiving Party shall promptly retrieve and re-designate all CONFIDENTIAL or ATTORNEYS' EYES ONLY information and have the party or person retained by the party execute the Undertaking attached hereto as Appendix A. If the Receiving Party disclosed undesignated CONFIDENTIAL or ATTORNEYS' EYES ONLY information to a third party not entitled to receive such CONFIDENTIAL or ATTORNEYS' EYES ONLY information or access thereto under the terms of this Order, the Receiving Party shall request that the third party return the CONFIDENTIAL or ATTORNEYS' EYES ONLY information and execute the Undertaking attached hereto as Appendix A. If the third party returns the CONFIDENTIAL or ATTORNEYS' EYES ONLY information and executes the Undertaking, the Receiving Party shall inform the Producing Party of the same. If the third party fails to either return the CONFIDENTIAL or ATTORNEYS' EYES ONLY information or to execute the Undertaking, the Receiving Party shall inform the Producing Party of the same, and shall provide the Producing Party with the identity of the third party and the CONFIDENTIAL or ATTORNEYS' EYES ONLY information disclosed. The Producing Party will thereafter bear the burden of taking any further action vis-à-vis the third party regarding the CONFIDENTIAL or ATTORNEYS' EYES ONLY information. Disclosure of such undesignated CONFIDENTIAL or ATTORNEYS' EYES ONLY information prior to its designation shall not be deemed a violation of this Order.

(d)    *Required Disclosure*.  If CONFIDENTIAL or ATTORNEYS' EYES ONLY information in the possession, custody or control of a Receiving Party is sought by a person or entity not a party to this action by subpoena, request for production of documents, interrogatory, or any other form of discovery request or compulsive process, including any form of discovery request or compulsive process of any court, administrative or legislative body, or any other person or tribunal purporting to have authority to seek such information by compulsory process or discovery request, including private parties, the Receiving Party to whom the process or discovery request is directed shall: (i) by the fifth business day after receipt thereof, or the earliest practicable date thereafter, give written notice of such process or discovery request, together with a copy thereof, to counsel for the Producing Party, and (ii) not make production or disclosure of such CONFIDENTIAL or ATTORNEYS' EYES ONLY information earlier than the fifth business day prior to the noticed date of production, so as to permit the Producing Party an opportunity to obtain appropriate judicial relief.  The Producing Party seeking to protect the CONFIDENTIAL or ATTORNEYS' EYES ONLY information from disclosure shall bear all the burdens and expenses of obtaining appropriate judicial relief.

(e)    *Unauthorized Disclosure*.  If CONFIDENTIAL or ATTORNEYS' EYES ONLY information is disclosed to any person or entity other than in the manner authorized by this Order, the person responsible for the disclosure shall immediately: (1) notify in writing the Producing Party of the disclosure and all pertinent facts relating to such disclosures; (2) use its best efforts to retrieve all copies of the CONFIDENTIAL or ATTORNEYS' EYES ONLY information; (3) request that the person(s) or entity(ies) to whom the disclosure was made execute the Undertaking attached hereto in Appendix A; and (4) without prejudice to other rights and remedies of any party, shall make every effort to prevent further disclosure.

IX.   <u>LIMITATION ON USE AND SURVIVAL</u>.

(a)     Any CONFIDENTIAL or ATTORNEYS' EYES ONLY information made available during the course of this Action shall be used solely for the purposes of this Action and shall not be disclosed or used by the recipients for any business, commercial, or competitive purpose whatsoever.  Notwithstanding the foregoing, this Stipulated Protective Order shall not bar or otherwise restrict any attorney designated in Section 5 from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying generally upon the attorney's examination of Discovery Materials containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information; provided, however, that in rendering such advice and in otherwise communicating with the client, the attorney shall not disclose the specific CONFIDENTIAL or ATTORNEYS' EYES ONLY information other than as permitted by this  Stipulated Protective Order or other applicable court order.

(b)     CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall not be copied, reproduced, summarized, or abstracted, except to the extent that such copying, reproduction, summarization, or abstraction is reasonably necessary for this Action.  All such copies, reproductions, summarizations, and abstractions shall be subject to the terms of this Order and labeled in the same manner as the designated material on which they are based.

(c)     This Order shall remain in full force and effect until modified, superseded, or terminated by the Court or by agreement of the parties with the approval of the Court.  All obligations and duties arising under this Order shall survive the termination of this Action and this Order shall be incorporated by reference into any final order, final decree, or final award entered by the Court.  This Court retains jurisdiction over the parties respecting any dispute regarding the improper use of information disclosed under protection of this Order.

**X.**     **PRODUCING PARTY'S USE.**

(a)     Nothing in this Order shall limit any party in the use of its own documents, things, or information for any purpose or from disclosing its own CONFIDENTIAL or ATTORNEYS' EYES ONLY information to any person.  Nothing in this Order shall prevent the Producing Party from consenting in writing to the use or disclosure of its own CONFIDENTIAL or ATTORNEYS' EYES ONLY information by the Receiving Party to the extent permitted by law.

**XI.**     **INDEPENDENT SOURCE.**

(a)     This Stipulated Protective Order pertains only to information provided by a party in response to formal or informal discovery requests in these proceedings or provided by a non-party in response to formal discovery processes, and does not otherwise limit the use or disclosure of material which has been obtained by any party from any other source.

**XII.**     **RETURN OR DESTRUCTION.**

(a)     No later than sixty (60) days following conclusion of these proceedings, all CONFIDENTIAL information and all copies thereof, shall be returned to the person that produced the CONFIDENTIAL information, provided, however, that counsel may retain their attorney work product and all filed documents or pleadings, even though they contain CONFIDENTIAL information. Any such retained work product shall remain subject to the terms of this Order.   In the alternative, the parties may agree to have any CONFIDENTIAL information destroyed.

(b)     No later than sixty (60) days following conclusion of these proceedings, all ATTORNEYS' EYES ONLY information and all copies thereof or references thereto, shall be destroyed.

(c)     Whether the CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Materials are returned or destroyed pursuant to this paragraph, the Receiving Party must submit a

written certification to the Producing Party by the sixty (60) day deadline that identifies (by category, where appropriate) all the CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Materials that were returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Materials. Notwithstanding this provision, counsel (as defined in Section V above) are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain CONFIDENTIAL Discovery Materials. Any such archival copies that contain or constitute CONFIDENTIAL Discovery Materials remain subject to this Stipulated Protective Order as set forth in Section IX, above.

(d)    As used in this Section, "conclusion of these proceedings" refers to the exhaustion of available appeals, as provided by applicable law or the settlement of this action.

## XIII.  ADDITIONAL PARTIES.

(a)    In the event that additional persons or entities become parties to this Action, they shall not have access to CONFIDENTIAL or ATTORNEYS' EYES ONLY information until this Order has been amended, with the Court's approval, to govern such additional persons or entities.

## XIV.  PROTECTION OF THIRD PARTIES.

(a)    A person or entity that is not a Party to this Action may take advantage of the protections afforded to CONFIDENTIAL and ATTORNEYS' EYES ONLY information provided by this Order, and such entity shall be entitled to all rights and protections afforded to the Parties under this Order.

**STIPULATION ACCEPTED AND ORDER GRANTED** this _____ day of July, 2008.

_____

Honorable William Hart

**GREGORY J. ELLIS**                              **TOYS "R" US-DELAWARE, INC.**

By /s/Brian J. Wanca_____        By /s/ Richard M. Hoffman_____
      One of His Attorneys                                     One of Its Attorneys

Brian J. Wanca                                      Michael Dockterman (#3121675)
Anderson & Wanca                                Richard M. Hoffman (#6204295)
3701 Algonquin Road                            Katherine K. Ivers (#6284902)
Rolling Meadows, IL  60008                 WILDMAN, HARROLD, ALLEN & DIXON LLP
(847)368-1500                                       225 West Wacker Drive, Suite 2800
                                                            Chicago, IL 60606-1229
                                                            PH:  (312) 201-2000
                                                            FX:  (312) 201-2555

## APPENDIX A

## UNDERTAKING

I acknowledge that I, _____(Name), of _____(Place and Position of Employment), am about to receive CONFIDENTIAL or ATTORNEYS' EYES ONLY information supplied by _____(party).    I certify that I understand that such CONFIDENTIAL or ATTORNEYS' EYES ONLY information will be provided to me pursuant to the terms and restrictions of the STIPULATED PROTECTIVE ORDER of July ___, 2008, in *Ellis v. Toys "R" Us-Delaware, Inc.*, Civil Action No. 08-CV-2945, in the United States District Court for the Northern District of Illinois.  I further represent that I have received a copy of and have read and understand the STIPULATED PROTECTIVE ORDER and that I agree to comply with and to be bound by all of its applicable terms.  I also understand that documents and/or information having the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation, and all copies, summaries, notes and other records that may be made regarding such documents and/or information, shall be disclosed to no one other than persons qualified under the STIPULATED PROTECTIVE ORDER to have access to such information.  I further understand that the CONFIDENTIAL or ATTORNEYS' EYES ONLY information provided to me shall be returned to counsel who provided the information to me, in accordance with the STIPULATED PROTECTIVE ORDER.

I understand and acknowledge that violation of this Undertaking or the STIPULATED PROTECTIVE ORDER may be punishable by Contempt of Court.

**DATED:** _____.

_____
Signature

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORY J. ELLIS, individually and as the representative of a class of similarly-situated persons, | ) ) ) | |
| Plaintiff, | ) ) | No. 08 CV 2945 |
| v. | ) ) | Judge William T. Hart |
| TOYS "R" US-DELAWARE, INC. and DOES 1-10, | ) ) ) | Magistrate Judge Maria G. Valdez |
| Defendants. | ) ) | |

**CERTIFICATE OF SERVICE**

Richard M. Hoffman, an attorney, hereby certifies that he caused a true and correct copy of the foregoing *Notice of Motion* and *Defendant Toys "R" Us-Delaware, Inc.'s Agreed Motion for Entry of Stipulated Protective Order* to be served upon Brian J. Wanca, Esq., ANDERSON & WANCA, 3701 Algonquin Road, Suite 760, Rolling Meadows, IL 60008, via electronic filing of same, on July 25, 2008.

/s/ Richard M. Hoffman
Richard M. Hoffman

Michael Dockterman (#3121675)
Richard M. Hoffman (#6204295)
Katherine K. Ivers (#6284902)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 2800
Chicago, IL 60606-1229
PH: (312) 201-2000
FX: (312) 201-2555

1894674-1